UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMAD MEHDI AFSAR,**<br><br>PLAINTIFF,<br><br>v.<br><br>**MARCO RUBIO,** in his official capacity as Secretary of State, U.S. Department of State<br>2201 C Street NW,<br>Washington, D.C. 20520;<br><br>**PAM BONDI,** in his official capacity as Attorney General of the U.S.<br>950 Pennsylvania Avenue NW,<br>Washington, D.C. 20530;<br><br>**ROBERT P. SANDERS,** in his official capacity as Consul General, U.S. Consulate General in Montreal<br>1134 Sainte-Catherine St W, Suite 400,<br>Montreal, QC H3B 1H4, Canada;<br><br>**KRISTI NOEM,** in his official capacity as Secretary of the U.S. Department of Homeland Security<br>3801 Nebraska Avenue NW,<br>Washington, D.C. 20528;<br><br>**ANGELICA ALFONSO-ROYALS,** in her official capacity as Director of the | RECEIVED<br>Mailroom<br><br>JUL 07 2025<br><br>Angela D. Caesar, Clerk of Clerk<br>U.S. District Court, District of Columbia<br><br>Case: 1:25-cv-02187<br>Assigned To : Nichols, Carl J.<br>Assign. Date : 7/7/2025<br>Description: Pro Se Gen. Civ. (F-DECK)<br><br>Case No.: SRC2203650833<br><br>PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF |

U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive,
Camp Springs, MD 20588;

**KASH PATEL,** in his official capacity as Director of the Federal Bureau of Investigation
J. Edgar Hoover Building, 935 Pennsylvania Avenue NW,
Washington, D.C. 20535-0001;

**DOES #1-#10,** in their official capacity as Consular Officers responsible for issuing visas in the U.S. Consulate, Montreal;

DEFENDANTS.

## INTRODUCTION

1.  Plaintiff Dr. Mohammad Mehdi Afsar, an Iranian national of exceptional ability with international recognition, applied for an immigrant visa under the Employment-Based First Preference (EB1A) category—reserved for individuals of extraordinary achievement in their field. His Form I-140 was filed in November 2021 and approved by U.S. Citizenship and Immigration Services (USCIS) in January 2022. However, despite meeting all legal requirements and providing extensive evidence of his qualifications, the Defendants have unreasonably delayed the processing of his visa, leaving his case in Administrative Processing since May 2024.

2.      This prolonged and unexplained delay has caused Dr. Afsar significant and escalating harm, including professional stagnation, financial hardship, emotional distress, and the inability to secure permanent residency or make long-term life decisions. The delay also deprives the United States of the economic and intellectual contributions of a highly accomplished individual.

3.      Through this action, Dr. Afsar respectfully seeks a writ of mandamus compelling the Defendants to take timely action on his visa application. Their ongoing inaction not only violates statutory and regulatory duties but also undermines the very intent of the EB1A program—to attract and retain individuals of extraordinary talent—and threatens to cause irreparable harm to Dr. Afsar's future.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361, as Plaintiff's claims arise under federal law and seek relief in the nature of mandamus to compel Defendants to perform duties they are legally obligated to fulfill. Jurisdiction is further conferred by the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1) because:

- Defendants are officers and agencies of the United States, acting in their official capacities;
- A substantial part of the events or omissions giving rise to the claim occurred, or should have occurred, in the District of Columbia, where the headquarters of the U.S. Department of State, U.S. Citizenship and Immigration Services,

Department of Homeland Security, and Federal Bureau of Investigation are located;

- No real property is involved in this action, and Plaintiff resides outside the United States, making D.C. a proper district under federal venue law.

Venue in this District is particularly appropriate given the nationwide authority and decision-making responsibilities of the named Defendants, most of whom reside or operate in their official capacity within the District of Columbia.

## PARTIES

6.  Plaintiff, Dr. Mohammad Mehdi Afsar, is a 40-year-old citizen of Iran currently residing in Canada. Plaintiff has been waiting for more than 41 months for an immigrant visa (since the approval of his I-140 petition), including over 13 months in Administrative Processing, despite the statutory expectation that such matters be resolved within 180 days.

7.  Defendant Marco Rubio is the Secretary of the U.S. Department of State (DOS), an "agency" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(1). In this capacity, he oversees the operations of U.S. embassies and consulates worldwide, including the adjudication of visa applications. He is sued in his official capacity.

8.  Defendant Pam Bondi is the Attorney General of the United States, charged with overseeing the enforcement of federal laws and representing the United States in legal matters, including immigration. She is sued in her official capacity.

9. Defendant Robert P. Sanders is the Consul General of the U.S. Consulate General in Montreal, responsible for overseeing visa services at the consulate. He is sued in his official capacity.

10. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security (DHS), an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this capacity, she is responsible for the oversight of DHS operations, including immigration enforcement and services. She is sued in her official capacity.

11. Defendant Angelica Alfonso-Royals is the Acting Director of U.S. Citizenship and Immigration Services (USCIS), an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this capacity, she is responsible for administering immigration benefits, including adjudicating petitions under the EB1A category. She is sued in her official capacity.

12. Defendant Kash Patel is the Director of the Federal Bureau of Investigation (FBI), an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this role, he oversees the FBI's background checks and security clearance functions, including those related to visa processing. He is sued in his official capacity.

13. Defendant Does 1-10 are consular and other officials employed by the U.S. Department of State at the U.S. Consulate in Montreal, Canada, who are responsible for immigration visas. This includes but is not limited to holding visa interviews, coordinating administrative processing of applications for immigration visas, making final decisions on the issuance of immigration visas, and receiving, adjudicating, and making final decisions regarding applications. Their identities are not publicly disclosed by the U.S. Department of State. They are sued in their official capacities.

## BACKGROUND AND STATEMENT OF FACTS

**Educational and Career Background**

14.     Dr. Mohammad Mehdi Afsar is an exceptionally accomplished Iranian national whose academic and professional credentials reflect extraordinary ability in the field of Artificial Intelligence and Machine Learning. In August 2017, Dr. Afsar relocated to Canada after receiving a fully funded Ph.D. offer and a prestigious scholarship from the University of Calgary. Demonstrating consistent academic excellence, he completed his Ph.D. with honors in May 2022. His doctoral research focused on the design of intelligent agents using advanced machine learning techniques and earned him recognition as a rising leader in the field of Computer Science.

15.     Dr. Afsar currently resides in Toronto, Canada, where he serves as a Machine Learning Scientist at Irreversible Inc., continuing to contribute to cutting-edge AI research. His professional work underscores a steadfast commitment to innovation and scientific advancement, particularly in domains of high importance to global technological progress and national competitiveness.

16.     Dr. Afsar's portfolio includes nearly 20 peer-reviewed publications in top-tier conferences and journals, with over 1,500 academic citations. His reputation in the academic community is further demonstrated by his service as a reviewer for several leading journals in the field of Computer Science. These accomplishments culminated in the approval of his EB1A petition by USCIS in January 2022, recognizing his extraordinary ability under the standards set forth in 8 U.S.C. § 1153(b)(1)(A).

17.     If granted his immigrant visa, Dr. Afsar intends to relocate to the United States to engage in advanced AI research and development, contributing to one of the most

strategically important scientific frontiers of the 21st century. His presence in the U.S. would not only bolster the country's leadership in Artificial Intelligence, but would also provide substantial and long-lasting benefits to its academic, technological, and economic ecosystems. His expertise and record of innovation make him precisely the type of individual the EB1A program is designed to attract.

**Impact of the Travel Ban on Plaintiff's First Attempt to Enter the United States**

18.  In 2017, Dr. Afsar was offered fully funded admission to two well-regarded U.S. universities—George Mason University and the University of Maryland, Baltimore County—to pursue a Ph.D. in Computer Science. He accepted George Mason University's offer, received the I-20 document and fully intended to begin his academic career in the United States.

19.  However, at that time, Executive Order 13769, commonly known as the "travel ban," had just been signed into effect. The ban imposed sweeping restrictions on nationals from several Muslim-majority countries, including Iran, and created extreme uncertainty about the ability of Iranian students to enter the United States, even with valid I-20s and academic credentials.

20.  Faced with the high likelihood of visa denial and a prolonged or indefinite delay under the new policy, Dr. Afsar made the difficult decision not to proceed with a U.S. visa application. Instead, he accepted an offer to pursue his Ph.D. at the University of Calgary in Canada.

21.  While Dr. Afsar went on to excel in his studies and build a distinguished career in artificial intelligence, the travel ban significantly altered the trajectory of his professional life. It also deprived the United States of the opportunity to benefit from his

expertise at a critical early stage in his career. This early experience of exclusion forms part of a broader pattern in which Dr. Afsar's efforts to contribute to the United States have been stymied by political and procedural obstacles beyond his control.

**Filing of EB1 Petition After Travel Ban**

22. Dr. Afsar has long aspired to immigrate to the United States to advance his career in artificial intelligence and contribute his expertise to the country's technological innovation. During the final year of President Donald Trump's first term administration, Dr. Afsar consulted with legal counsel about initiating the process for an employment-based immigrant visa. However, he ultimately deferred filing due to the continued uncertainty and restrictions associated with the travel ban, which disproportionately impacted nationals from Iran.

23. Following the 2020 U.S. presidential election and the subsequent rollback of the travel ban, Dr. Afsar promptly began preparing his application for an immigrant visa. Initially considering the EB2 National Interest Waiver (NIW) category, he ultimately determined that the Employment-Based First Preference (EB1A) category more accurately reflected his record of extraordinary ability. Over the course of approximately ten months, he compiled substantial documentary evidence in support of his qualifications.

24. On November 5, 2021, Dr. Afsar filed his Form I-140 petition with U.S. Citizenship and Immigration Services (USCIS). After responding to a Request for Evidence (RFE), the petition was approved on January 28, 2022.

25. Despite the approval, the case encountered a series of procedural delays. Dr. Afsar made repeated inquiries to USCIS regarding the transfer of his case to the National Visa Center (NVC), but received no timely resolution. For several months, USCIS was

unable to locate or confirm the transfer of his file. It was only after intervention by an investigator that the case was successfully located and transferred to the NVC in June 2022.

26. Dr. Afsar promptly submitted all required documents to the NVC, and by November 2022, the case was marked "documentarily complete." However, he then endured an additional 18-month delay before receiving an interview appointment at the U.S. Consulate in Montreal.

27. On May 31, 2024, Dr. Afsar appeared for his visa interview and complied fully with all requirements. The interview concluded without issue, but his case was subsequently placed in Administrative Processing under Section 221(g) of the Immigration and Nationality Act, where it has remained unresolved to date.

28. This prolonged and unexplained delay has significantly obstructed Dr. Afsar's efforts to relocate to the United States and contribute meaningfully to its technological workforce. Despite his full compliance with all legal requirements and procedural steps, Dr. Afsar remains in a state of indefinite uncertainty—suffering professional setbacks, financial strain, and emotional distress as a direct result of the government's inaction.

**Administrative Processing**

29. Following his visa interview on May 31, 2024, Dr. Afsar was issued a Form DS-5535, which required extensive disclosure of his personal, residential, employment, educational, and international travel histories. Despite the burdensome scope of the request, Dr. Afsar submitted the completed form promptly within days and confirmed receipt by the consulate via email, taking proactive steps to ensure that no delay could be attributed to him.

30.    Shortly thereafter, the U.S. Consulate in Montreal requested an updated resume detailing a comprehensive and gap-free account of Dr. Afsar's employment and academic history. Dr. Afsar complied immediately, submitting the requested document within one business day.

31.    Despite his prompt and complete responses to all requests for additional information, Dr. Afsar's subsequent efforts to obtain updates from the consulate were met with either silence or boilerplate responses. Seeking assistance, he enlisted the support of Congressman Jimmy Gomez, whose inquiry produced only a generic reply stating that the case remained refused under Section 221(g) of the Immigration and Nationality Act and was undergoing Administrative Processing, with no substantive explanation or estimated timeline for resolution.

32.    To date, the administrative processing of Dr. Afsar's application has continued for over 13 months without resolution. This is part of a broader pattern of delay in the adjudication of his immigrant visa, which includes:

- Six months of delay in transferring the approved I-140 petition from USCIS to the National Visa Center;

- Eighteen months of delay between "documentarily complete" status and visa interview scheduling; and

- Thirteen months and counting in post-interview administrative processing.

In total, Dr. Afsar has endured over 41 months of delay since the approval of his I-140 petition—far exceeding the 180-day adjudication guideline set forth in 8 U.S.C. § 1571(b).

33. According to the U.S. Department of State's own data, historically, 85% of cases placed in Administrative Processing are resolved within 60 days[1]. The continued withholding of action in Dr. Afsar's case is not only unreasonable under the standards of the Administrative Procedure Act (APA) but has also caused him ongoing and substantial hardship, including professional stagnation, financial uncertainty, and prolonged emotional distress.

**Defendants' Unreasonable Delay Has Caused Immediate and Irreparable Harm to Dr. Afsar**

34. The Defendants' failure to adjudicate Dr. Afsar's immigrant visa application in a timely manner has caused him ongoing, substantial, and irreparable harm, both professionally and personally. No valid justification has been provided for the prolonged delays that have extended more than three years since I-140 approval and over 13 months in Administrative Processing.

35. Dr. Afsar seeks to relocate to the United States to advance his career in artificial intelligence—an area where his research, experience, and expertise align closely with the needs and priorities of the U.S. technological sector. The United States remains the global hub for AI innovation, offering unmatched opportunities for collaboration, research funding, and long-term impact. However, his current immigration status in Canada imposes severe restrictions on his ability to pursue those opportunities.

36. Residing in Toronto, Dr. Afsar is employed as a Machine Learning Scientist at Irreversible Inc., but his position is tied to a temporary work permit. Recent changes to

---

[1] See DOS FOIA response to Penn State Law regarding administrative processing statistics:
https://pennstatelaw.psu.edu/sites/default/files/documents/FOIA%20email%20document%207.6.17.pdf

Canadian immigration policy have added new restrictions and uncertainties around renewing work permits and securing permanent residency, placing Dr. Afsar at real risk of involuntary removal from Canada. If that occurs, he may be forced to return to Iran—a move that would carry profound personal and professional consequences.

37.     Because his EB1A petition was approved in January 2022, Dr. Afsar reasonably refrained from pursuing other immigration pathways, including Canadian permanent residency. He acted in good faith, assuming that the U.S. visa process would move forward within the 180-day statutory guideline under 8 U.S.C. § 1571(b). Instead, he has remained in legal and professional limbo. The resulting uncertainty has disrupted his ability to make essential life decisions:

- He has been unable to invest in permanent housing or make long-term financial commitments.
- He continues to live in temporary accommodations without the stability required to build a future.
- He has postponed plans related to marriage and starting a family, as he cannot predict where he will be allowed to live or work in the near future.

38.     Professionally, the uncertainty surrounding his immigration status has stifled Dr. Afsar's momentum. Although he remains a dedicated contributor in his current role, the lack of clarity about his future has impacted his motivation, planning, and mental focus. His career aspirations lie in the United States, and he has tailored his research and trajectory toward opportunities available only there. Continued delay is undermining his ability to achieve those goals.

39. The emotional toll of this uncertainty is significant. Over the past year, Dr. Afsar has experienced persistent anxiety, stress, and sleep disruption, all stemming from the prolonged and unexplained delay in his visa adjudication. The lack of any clear timeframe for resolution has created a state of constant psychological distress, further affecting his ability to function effectively in daily life and in his professional work.

40. In short, the Defendants' inaction has caused Dr. Afsar concrete, measurable, and irreparable harm that continues to escalate. These harms are precisely the kind of injuries that courts have found to justify mandamus relief when the government fails to act within a reasonable period of time.

## FIRST CLAIM FOR RELIEF

### Mandamus Act, 28 U.S.C. § 1361

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Under the Mandamus Act, 28 U.S.C. § 1361, this Court has jurisdiction to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to the Plaintiff. A writ of mandamus is appropriate where: (1) the Plaintiff has a clear right to the relief requested; (2) the Defendants have a clear, non-discretionary duty to perform the act in question; and (3) no other adequate remedy is available.

43. Defendants have a clear, ministerial, and non-discretionary duty to adjudicate Plaintiff's immigrant visa application within a reasonable timeframe. This duty is reflected in the Immigration and Nationality Act, applicable federal regulations (including but not limited to 22 C.F.R. §§ 41.106 and 41.121(a)), and the policy directive expressed in 8

U.S.C. § 1571(b), which establishes that immigration benefits should be adjudicated within 180 days as a matter of Congressional intent.

44. Plaintiff has experienced a delay of over 41 months since the approval of his I-140 petition—including over 13 months in Administrative Processing under Section 221(g)—without resolution. No statutory or regulatory provision permits such prolonged inaction, particularly where the applicant has fully complied with all procedural and documentary requirements and presents no admissibility concerns.

45. As a direct result of Defendants' failure to act, Plaintiff has suffered and continues to suffer irreparable harm, including:

- Inability to make essential life decisions regarding employment, housing, and family formation;
- Significant professional and financial hardship due to his precarious temporary status in Canada;
- Emotional distress, anxiety, and mental health strain from prolonged uncertainty.

46. Plaintiff has exhausted all available administrative remedies, having timely submitted all documentation, complied with all consular requests, and made repeated inquiries to relevant agencies. No alternative legal remedy exists to compel adjudication.

47. Accordingly, Plaintiff respectfully requests that this Court issue a Writ of Mandamus directing Defendants to perform their clear and non-discretionary duty to promptly adjudicate Plaintiff's immigrant visa application.

## SECOND CLAIM FOR RELIEF

### Administrative Procedure Act, 5 U.S.C. § 706(1) et seq.

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), federal agencies are required to conclude matters presented to them "within a reasonable time." Under 5 U.S.C. § 706(1), a reviewing court has the authority to compel agency action unlawfully withheld or unreasonably delayed.

50. Defendants' failure to act on Plaintiff's immigrant visa application for over 41 months constitutes an unreasonable delay in violation of the APA. No lawful justification has been provided for this extended inaction, especially given that Plaintiff has no criminal history, no admissibility issues, and has fully complied with all procedural requirements. He is plainly eligible for the requested benefit and has demonstrated extraordinary ability, as previously recognized by USCIS in its approval of his EB1A petition.

51. Further, under 5 U.S.C. §§ 706(2)(A) and 706(2)(D), this Court may "hold unlawful and set aside" agency action that is:

- Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or
- Undertaken without observance of legally required procedures.

52. The Defendants' delay in this case is arbitrary and capricious, particularly in light of the federal government's own metrics indicating that the majority of Administrative Processing cases are resolved within 60 days. Plaintiff's case has remained pending for over 13 months post-interview, with no meaningful explanation or progress.

53. Because no alternative remedy is available and the delay continues to cause substantial and irreparable harm, judicial intervention is warranted. Plaintiff respectfully seeks relief under the APA compelling Defendants to take prompt and final action on his immigrant visa application.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and grant the following relief:

A. Issue a Writ of Mandamus compelling Defendants, and all those acting under their direction or supervision, to take all steps necessary to complete the adjudication of Plaintiff's immigrant visa application within fifteen (15) days of the Court's Order;

B. Declare that Defendants' continued failure to adjudicate Plaintiff's visa application constitutes agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act, 5 U.S.C. § 706(1);

C. Declare that Defendants' actions, including the prolonged delay and lack of individualized adjudication, are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. §§ 706(2)(A) and (D);

D. Enjoin Defendants from continuing the indefinite and unreasonable delay in the adjudication of Plaintiff's visa application;

E. Order expedited consideration of this action pursuant to Local Rule or Federal Rule of Civil Procedure 57, in light of the ongoing irreparable harm being suffered by Plaintiff;

F.      Retain jurisdiction over this matter until such time as Defendants have fully complied with all Orders of the Court and have finally adjudicated Plaintiff's visa application and provided notice of that adjudication to both Plaintiff and the Court;

G.      Award Plaintiff reasonable costs incurred in bringing this action, including filing fees and other out-of-pocket expenses, pursuant to applicable law;

H.      Grant such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,
June 25, 2025

Mohammad Mehdi Afsar
1935–7161 Yonge Street
Markham, ON L3T 0C8, Canada
Tel: +1 (437) 667-4522
Email: afsar.info@gmail.com
Plaintiff, Pro Se